UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard D. Cogswell, Jr., for
*Laura M. Cogswell, Deceased*,

    Plaintiff

v.

Commissioner of Social Security,

    Defendant

Case No. 3:16-cv-2030

MEMORANDUM OPINION

## I.    INTRODUCTION

Before me are: (1) Magistrate Judge James R. Knepp, II's Report & Recommendation ("R & R") (Doc. No. 21); (2) Plaintiff Richard D. Cogswell, Jr.'s objections to the R & R (Doc. No. 22); and (3) Defendant Commissioner of Social Security's response (Doc. No. 24).

## II.    BACKGROUND

On August 3, 1997, the Social Security Administration ("SSA") granted disability insurance benefits to Laura M. Cogswell due to acute renal failure under Listing 6.02A. In April 1998, Ms. Cogswell underwent a cadaveric renal transplant. After a continuing disability review, the SSA determined that Ms. Cogswell was no longer disabled as of October 1, 2007, citing medical improvement. Ms. Cogswell appealed the decision, and an Administrative Law Judge ("ALJ") affirmed the unfavorable disability determination in June 2009.

Ms. Cogswell filed a subsequent claim for disability insurance benefits and received a favorable determination in March 2010. In July 2010, the Appeals Council remanded and consolidated the two claims to another ALJ. Following hearings in December 2010 and November

1

2011, the ALJ determined that Ms. Cogswell was not disabled as of October 1, 2007. Ms. Cogswell appealed, and the SSA denied her request. Ms. Cogswell filed a complaint in this court to review the Commissioner's decision, and in June 2014, Judge James G. Carr reversed and remanded the ALJ's decision.

On January 12, 2015, Ms. Cogswell passed away. Ms. Cogswell's son, Richard Cogswell, Jr., was substituted as a party. A hearing was held in November 2015. In December 2015, the ALJ found that Ms. Cogswell's disability ended as of October 1, 2007, and that she was not under disability from that date through the date last insured of December 31, 2012. The Appeals Council affirmed the ALJ's decision, which made the December 2015 decision the final decision of the Commissioner.

Mr. Cogswell filed this case contesting the ALJ's final decision. Judge Knepp recommends I affirm the ALJ's decision. I find Judge Knepp has accurately and comprehensively set forth the procedural and factual background of this case, and I adopt those sections of the R & R in full. (Doc. No. 21 at 1-11).

### III. STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence

2

as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. DISCUSSION

Mr. Cogswell raises two objections to the R & R. (Doc. No. 22 at 9). He argues the ALJ erred "by improperly weighting physician opinions" and by "picking and choosing which elements in the record [she] was willing to really consider." (*Id.*).

### A. Medical Opinions

When considering an application for disability insurance benefits, the SSA must evaluate every medical opinion it receives. 20 C.F.R. §§ 404.1527(c) & 416.927(c). The SSA places medical sources into three categories: (1) non-examining sources; (2) non-treating, but examining, sources; and (3) treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).

In deciding the amount of weight to give a medical opinion, the SSA considers (1) the examining relationship; (2) the treatment relationship; (3) the supportability of the opinion in light of "all of the pertinent evidence"; (4) the consistency of the opinion with the record as a whole; (5) the medical source's specialization, if any; and (6) other factors the claimant or others bring to the SSA's attention which tend to support or contradict the source's opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6) & 416.927(c)(1)-(6). Generally, treating sources are given the greatest amount of deference and are to be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in [the] case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

#### 1. State Agency Reviewers

3

Mr. Cogswell first argues the ALJ improperly – "implicitly" rather than "explicitly" – relied on the opinions of its own medical consultants, whom he asserts did "not have the full view of the record that the ALJ and the treating physicians did." (Doc. No. 22 at 12).

Generally, an ALJ may rely on a state agency consultant's medical opinion in the same manner that she may rely on other physician opinions. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x. 267, 274 (6th Cir. 2015). "State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence" and "the ALJ … considers the evidence post-dating the opinion." *Hoskins v. Comm'r of Soc. Sec.,* 106 F. App'x. 412, 415 (6th Cir. 2004); *Patterson v. Comm'r of Soc. Sec.*, 2017 LEXIS 33188 at *33 (N.D. Ohio Mar. 8, 2017).

Here, the evidence in the record supports the state agency consultants' medical opinions. State agency physician Dr. Cruz concluded that Ms. Cogswell's disability insurance benefits ceased in October 2007 due to significant medical improvement, based on her stable renal function and her creatinine number. Ms. Cogswell's treating physician Dr. Brar documented her stable renal function on every visit between September 2007 and March 2011. (R. at 207, 452, 453, 456, 461, 665, 669, 678, 673, 746, 749). The record also supports Dr. Cruz's finding that there was no evidence of osteoporosis or kidney reflux. (R. at 259). Because Ms. Cogswell was originally determined disabled due to renal failure (R. at 486), Dr. Cruz's conclusion of significant medical improvement post kidney transplant (R. at 259) aligns with Dr. Brar's findings of stable renal function (R. at 207).

The record also supports the partial weight the ALJ gave to Dr. Torello's opinion of Ms. Cogswell's functional limitations. The ALJ concluded that:

> [b]ased on the impairments present as of October 1, 2007 and continuing through the date last insured of December 31, 2012, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: work that can be done in a seated or standing position; occasional climbing stairs, kneeling, and crouching; no balancing on one lower extremity at a time or climbing ladders and the like; rare (meaning less than occasionally but not completely precluded) exposure to

4

> temperature extremes; occasional exposure to humidity and respiratory irritants; and no exposure to obvious hazards. The claimant could also: understand, carry out and remember simple instructions where the pace of productivity is not dictated by an external source over which the claimant would have no control such as an assembly line or conveyor belt; make judgments on simple work, and respond appropriately to usual work situations and changes in a routine work setting; and respond appropriately to supervision, the general public, and coworkers, but due to side effects of immunosuppressive drug therapy, exposure to the general public should be rare and occasional to coworkers.

(R. at 925). Although the ALJ did not accept all of the limitations recommended by Dr. Torello (R. at 1014-21), the record supports the ALJ's departure from the right-side limitations recommended by Dr. Torello. As the ALJ noted, Dr. Torello did not examine Ms. Cogswell but relied on the physical examinations performed by Dr. Brar. (R. at 935). The ALJ further explained that "[t]he right sided weakness identified by Dr. Brar could not be reproduced in examinations performed by Drs. Zangara, Loomus, and Ansevin, and objective diagnostic testing failed to identify etiology for the alleged symptom." (*Id.*). Because the evidence supports the state agency consultants' opinions and the ALJ considered evidence postdating those opinions, the ALJ did not err in assigning those opinions greater weight.

### 2. Treating Physicians

The SSA "will always give good reasons" for the weight given to a treating source's opinion. S*ee* 20 C.F.R. § 404.1527(c)(2); *Cole v. Astrue*, 661 F.3d 931, 937-39 (6th Cir. 2011) ("In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned."). The treating-physician rule is designed to provide claimants with an understanding of the SSA's disposition of their applications and to permit "meaningful appellate review of the ALJ's application of the rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242-43 (6th Cir. 2007) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). To provide good reasons for discounting a treating physician's opinion, the ALJ must identify the reasons for discounting the

5

opinion and explain how those reasons affected the weight the ALJ assigned to the opinion. *Rogers*, 486 F.3d at 242.

Mr. Cogswell objects to the weight given to the letter in support of Ms. Cogswell's application for disability benefits written by treating nephrologist Dr. Brar on February 26, 2009. (Doc. No. 22 at 13-14; *see* R. at 936). The ALJ considered Dr. Brar's letter, discussed the letter in full, but gave it little weight because it did not qualify as a "medical opinion" for purposes of disability determination regulations. Specifically, the letter did not address Ms. Cogswell's functional limitations. (*Id.*).

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a) & 416.927(a). "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled." §§ 404.1527(d)(1) & 416.927(d)(1). The Commissioner reserves the right to make the final determination of disability. *Id.* Although Dr. Brar's letter stated that Ms. Cogswell's "symptoms include weakness and paresthesis, which have incapacitated her and are affecting her activities of daily living," the letter made no mention of Ms. Cogswell's functional limitations. (R. at 448).

Not only is Dr. Brar's letter not considered a medical opinion for purposes of a disability determination, but the ALJ also provided "good reasons" for assigning little weight to the letter. One example of a good reason is that the treating physician's opinion is "unsupported by sufficient clinical findings and is inconsistent with the rest of the evidence." *Morr v. Comm'r of Soc. Sec.*, 616 F. App'x 210, 211 (6th Cir. 2015) (citing *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993)). Here, the ALJ noted the lack "of support from … diagnostic objective evidence" and "persuasive contradictory evidence" which suggests "the possibility of a psychosomatic origin for her

6

complaints." (R. at 936-37). Relatedly, the ALJ noted that Dr. Brar's opinion letter stated Ms. Cogswell "had disabling musculoskeletal symptoms in the upper and lower extremities as a result of her immunosuppressive medications and end stage renal disease." (R. at 448). This differs from Dr. Brar's findings on May 12, 2010, that the symptoms of "right upper and lower extremity weakness was of unclear etiology, but the unilateral nature of her symptoms made it less likely to be myopathy or systemic process like steroid induced muscle damage." (R. at 937). Further, "[t]he right side weakness identified by Dr. Brar could not be reproduced in examinations performed by Drs. Zangara, Loomus, and Ansevin and objective diagnostic testing failed to identify etiology for the alleged symptom." (R. at 935). As the ALJ concluded, Dr. Brar's letter is "inconsistent with the rest of the evidence." (*Id.*); *see Morr*, 616 F. App'x at 211. Thus, the ALJ did not err in assigning little weight to Dr. Brar's opinion letter.

Mr. Cogswell further objects to the weight the ALJ gave to treating specialist Dr. Zangara's opinion and argues the ALJ should equate Dr. Zangara's diagnosis of anxiety with a functional impairment. (Doc. No. 22 at 13). As stated above, medical opinions for purposes of disability determinations must address the claimant's functional limitations. 20 C.F.R. §§ 404.1527(a) & 416.927(a). The ALJ noted that "[n]one of the neurologists, Drs. Dirrenberger, Zangara, Loomus, or Ansevin, whom the claimant consulted *since* the date of cessation [of benefits], offered any opinions in their treatment notes regarding the claimant's functional abilities." (R. at 936) (emphasis added). Accordingly, the diagnosis of anxiety does not equate to a description of Ms. Cogswell's functional impairments regarding her ability to work. There is no evidence in the record that Dr. Zangara's anxiety diagnosis would prevent Ms. Cogswell from working within the limitations set forth by the vocational expert (R. at 1014-21) and adopted by the ALJ. (R. at 925).

Further, Dr. Zangara, in his August 25, 2009 examination of Ms. Cogswell, documented that her musculoskeletal system was essentially normal. (R. at 692). This negates Mr. Cogswell's

7

argument that the ALJ did not give Dr. Zangara's anxiety diagnosis the weight it deserved. The anxiety diagnosis was not enough to cause Dr. Zangara to describe Ms. Cogswell's musculoskeletal system as functionally limited. Thus, the ALJ did not err in the weight given to Dr. Zangara's medical opinion.

After reviewing the record, I find that the ALJ properly relied on the state agency reviewers' medical opinions and gave "good reasons" for the weight given to Drs. Brar's and Zangara's opinions. Mr. Cogswell's first objection is overruled.

**B.    Analysis of the Record**

Mr. Cogswell further argues the ALJ erred by "improperly playing doctor and picking and choosing which elements in the record [she] was willing to really consider." (Doc. No. 22 at 14). Yet Mr. Cogswell does not cite any specific evidence the ALJ failed to consider but should have, nor propose how the ALJ's opinion is inconsistent with the record.

As stated above, "we review the underlying findings of the ALJ to determine whether they are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390-91 (6th Cir. 2005) (citing 42 U.S.C. § 405(g)). "In the absence of any such focused challenge," this court is not required to "broadly scrutinize" the record to flesh out Mr. Cogswell's argument. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) (declining to examine "any and all treating physician opinions in the record to ensure they are properly accounted for"). Further, Mr. Cogswell bears the burden of proof of disability. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 473 (6th Cir. 2016). Mr. Cogswell has failed to identify any findings that are inconsistent with or unsupported by the record. I find that the ALJ thoroughly reviewed the entire record, and her findings are supported by substantial evidence. Mr. Cogswell's second objection is overruled.

**V.    CONCLUSION**

For the foregoing reasons, Mr. Cogswell's objections are overruled. I adopt Judge Knepp's R & R and affirm the ALJ's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge